67 F.3d 293
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Percell ATKINS, Plaintiff-Appellee,
v.
John B. METZGER, III, Chairman, Virginia Parole Board,
Defendant-Appellant.
 No. 95-6071.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1995.
Decided Oct. 5, 1995.
 
 Mary E. Shea, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellant. Percell Atkins, Appellee Pro Se.
 Before HAMILTON and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Percell Atkins, a Virginia inmate, instituted this 42 U.S.C. Sec. 1983 (1988) action alleging that an amendment to the Virginia parole review policy (which provides for the deferral of parole review for up to three years for certain categories of inmates) violated the Ex Post Facto Clause. The district court agreed and awarded summary judgment to Atkins. The Defendant appealed and the case was placed in abeyance pending this court's decision in Hill v. Jackson, No. 94-6056.
 
 
 2
 While Hill was pending, the Supreme Court decided in California Dep't of Corrections v. Morales, 63 U.S.L.W. 4327 (U.S.1995), that a California statute which permitted parole boards to defer parole suitability hearings for up to three years with respect to certain prisoners did not violate the Ex Post Facto Clause. The Court based its decision, in part, on the fact that the statutory amendment "has no effect on the date of any prisoner's initial parole suitability hearing; it affects only the timing of subsequent hearings." Morales, 63 U.S.L.W. at 4330. Based on Morales, a panel of this court decided that the amendment to Virginia's parole review policy did not violate the Ex Post Facto Clause, concluding that "[a]s in Morales, the Parole Board's policy has no effect on the substantive standards for scheduling an inmate's initial parole eligibility date, nor does it change the criteria for determining either an inmate's suitability for parole or his or her release date." Hill v. Jackson, --- F.3d ----, slip op. at 10 (4th Cir. Sept. 6, 1995).
 
 
 3
 In light of these decisions, the district court's order in this case is reversed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 REVERSED